RASMUSSEN v PENNFIELD TOWNSHIP

Docket No. 51468. Submitted January 5, 1981, at Grand Rapids.—
Decided March 4, 1981.

Steve Ylioff, president of Orchard Park Food Market, Inc., and
Vasilka Ylioff petitioned Pennfield Township for a zoning vari-
ance which would allow them to extend their building 25 feet
to the edge of their lot in order to accommodate increased
handling and storage of beverage containers as necessitated by
the bottle return law. Allen C. and Norma Jean Rasmussen,
owners of a restaurant and barber shop located adjacent to the
market, objected to the extension on the ground that they
would suffer economically because the proposed extension
would block the view of their establishments from travelers on
the main thoroughfare in the area. The Pennfield Township
Zoning Board of Appeals granted the variance and plaintiffs
Rasmussen filed suit in Calhoun Circuit Court, which remanded
the matter to the Board of Appeals for a new hearing. A new
hearing was held but no decision was reached. Defendants
Ylioff then submitted a new petition for several variances. The
new petition was approved by the zoning board. The circuit
court, Stanley Everett, J., affirmed the decision of the board
and dismissed plaintiffs' suit. Plaintiffs appeal. *Held:*

1. The zoning board is authorized to modify the restrictions
in the ordinance, but only after making specific findings of fact
which support the conclusion that the extension of the noncon-
forming use is necessary to implement the spirit of the ordi-
nance to insure public safety or to accomplish substantial
justice. No such findings were made in this case, therefore the
case is remanded to the Board of Appeals for supplemental
proceedings consistent with this opinion.

2. The notice of the public hearing properly advised the

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Zoning and Planning §§ 179, 196-199.
[2] 82 Am Jur 2d, Zoning and Planning §§ 67, 68, 196.
[3] 82 Am Jur 2d, Zoning and Planning §§ 195-199.
[4] 82 Am Jur 2d, Zoning and Planning §§ 25, 26.
[5] 73 Am Jur 2d, Statutes §§ 155, 249-257.
    82 Am Jur 2d, Zoning and Planning § 66 *et seq.*

public of its rights to be heard and specifically stated the ordinance sections pertaining to the requested variances.

· Affirmed in part, reversed in part and remanded.

1. ZONING — NONCONFORMING USES — EXPANSION — ORDINANCES.

Generally, a nonconforming use may not be expanded; one of the goals of zoning is the eventual elimination of nonconforming uses so that growth and development sought by ordinances can be achieved.

2. ZONING — NONCONFORMING USES — EXPANSION OF NONCONFORMING USES.

The policy of the law is against the extension or enlargement of nonconforming uses and zoning regulations should be strictly construed with respect to expansion.

3. ZONING — NONCONFORMING USES — CONTINUATION OF NONCONFORMING USES.

A continuation of a nonconforming use must be substantially of the same size and same essential nature as the use existing at the time of passage of a valid zoning ordinance.

4. ZONING — ORDINANCES — PRESUMPTION OF VALIDITY.

A zoning ordinance is clothed with every presumption of validity.

5. STATUTES — ORDINANCES — CONSTRUCTION.

Statutes and ordinances which are in apparent conflict must be construed, if possible, to give full force and effect to each.

*Hatch, Smith & Hill,* for plaintiffs.

*Sullivan, Hamilton, Ryan & Schulz,* for Pennfield Township.

*Vandervoort, Cooke, McFee, Christ, Carpenter & Fisher,* (by *Nelson Karre),* for the Ylioffs and Orchard Park Food Market, Inc.

Before: ALLEN, P.J., and J. H. GILLIS and D. F. WALSH, JJ.

D. F. WALSH, J. Defendant Steve Ylioff, president of Orchard Park Food Market, Inc., petitioned Pennfield Township for a zoning variance. Plain-

tiffs, the adjacent property owners, objected to the requested variance which was granted · by the Pennfield Township Zoning Board of Appeals on May 15, 1979. Thereafter, plaintiffs filed suit and the circuit court remanded the matter to the zoning board of appeals for a new hearing. The public hearing was held on October 16, 1979, but no final decision was reached. Defendants subsequently submitted a new petition for several required variances, public notice was circulated on December 16, 1979, and another hearing took place on January 14, 1980. The zoning board granted defendants' requested variances. On April 8, 1980, the circuit court affirmed the decision of the zoning board and dismissed plaintiffs' suit.

Defendant Ylioff operated a grocery store on the northeast corner of North Avenue and Coolidge Street in Pennfield Township in a location zoned NS-Neighborhood Service Commercial.[1] Defendants sought a 25-foot extension of this building to the south lot line in order to accommodate the increased handling and storage of beverage containers as necessitated by the newly-effective bottle return law.[2]

Plaintiffs owned a restaurant and barber shop located directly east of defendants' store on Coolidge Street. Plaintiffs objected to the extension of defendants' building on the ground that they would suffer economically because the view of their commercial establishment would be blocked from those traveling on North Avenue, the principal thoroughfare in the area.

In affirming the decision of the zoning board, the trial court concluded that the proper procedure had been followed and that the decision was sup-

---

[1] Pennfield Township Zoning Ordinance, Article 15 (1974).

[2] MCL 445.571 et seq.; MSA 18.1206(11) et seq.

ported by competent, material and substantial evidence on the record. The court also ruled that §§ 7.02 and 7.03 of the Pennfield Township Zoning Ordinance were invalid because they were in conflict with § 16 of the Township Rural Zoning Act. MCL 125.286; MSA 5.2963(16). The central issue on appeal relates to the propriety of this ruling.

The Pennfield Township Zoning Ordinance contains the following provisions relating to the extension of nonconforming uses:

"SECTION 7.02 Structural Changes

"The building structure or land or the use thereof shall not be structurally changed, altered, enlarged or increased or moved in whole or in part unless the building structure or land or use thereof in its entirety conforms to the provisions of this Ordinance applicable to the district in which it is located.

"SECTION 7.03 Extensions

"A nonconforming use of a building or structure or land shall not be extended in any manner unless such use in its entirety complies with the provisions of this Ordinance applicable to the district in which it is located." Pennfield Township Zoning Ordinance, §§ 7.02, 7.03 (1974).

The general effect of these sections of the zoning ordinance is to preclude any extension of nonconforming uses since an expansion is possible only on the condition that the entire building or use be in conformity with the ordinance. Even though a particular building or use exists as a valid nonconforming use under the ordinance,[3] an extension is effectively prohibited unless all violations are cured.

These provisions are in accord with a strong public policy in this state against the extension of

---

[3] Pennfield Township Zoning Ordinance, § 7.01 (1974).

nonconforming uses. This policy was noted by this Court in *Norton Shores v Carr,* 81 Mich App 715, 720; 265 NW2d 802 (1978):

"Expansion of a nonconforming use is severely restricted. One of the goals of zoning is the eventual elimination of nonconforming uses, so that growth and development sought by ordinances can be achieved. Generally speaking, therefore, nonconforming uses may not expand. *Fredal v Forster,* 9 Mich App 215; 156 NW2d 606 (1967), *Hillsdale v Hillsdale Iron & Metal Co, Inc,* 358 Mich 377; 100 NW2d 467 (1960). The policy of the law is against the extension or enlargement of nonconforming uses, and zoning regulations should be strictly construed with respect to expansion.

" '[I]t is the law of Michigan that the continuation of a nonconforming use must be substantially of the same size and same essential nature as the use existing at the time of passage of a valid zoning ordinance.' *Dearden v Detroit,* 70 Mich App 163, 169; 245 NW2d 700 (1976), *Township of White Lake v Lustig,* 10 Mich App 665, 674; 160 NW2d 353 (1968)."

On the other hand, § 16 of the Township Rural Zoning Act provides as follows:

"The township board shall provide in any zoning ordinance for the completion, restoration, reconstruction, *extension* or substitution of nonconforming uses upon such reasonable terms as may be set forth in the zoning ordinance." MCL 125.286; MSA 5.2963(16).[4] (Emphasis supplied.)

Since this section of the statute *requires* that any township zoning ordinance provide for the extension of nonconforming uses upon such terms as may be reasonable, it would seem that §§ 7.02

[4] The amended version of this statute, effective on March 1, 1979, contains substantially identical language. See 1978 PA 637, § 1, MCL 125.286(2); MSA 5.2963(16)(2).

and 7.03 of the Pennfield Township Zoning Ordinance, which effectively preclude the extension of nonconforming uses, are, as the trial court ruled, in direct conflict with the statute and therefore invalid.[5] However, we are not so persuaded. A zoning ordinance is clothed with every presumption of validity. *Kirk v Tyrone Twp,* 398 Mich 429, 439; 247 NW2d 848 (1976). Statutes and ordinances which are in apparent conflict must be construed, if possible, to give full force and effect to each. See *Krim v Commercial Union Assurance Co,* 94 Mich App 639, 642; 288 NW2d 463 (1980).

In our judgment there is no conflict between the zoning ordinance and the statute if §§ 7.02 and 7.03 of the ordinance are read in conjunction with § 3.07 of the ordinance which provides as follows:

"Where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of such ordinance, the Board of Appeals shall have power in passing upon appeals to *vary or modify any of its rules, regulations or provisions* so that the spirit of the Ordinance shall be observed, public safety secured and substantial justice done." Pennfield Township Zoning Ordinance, § 3.07 (1974). (Emphasis suplied.)

We construe this section to authorize the board of appeals to modify the restrictions of §§ 7.02 and 7.03 when necessary to implement the spirit of the ordinance, secure the safety of the public or accomplish substantial justice. Under this construction §§ 7.02 and 7.03 promote the state policy of elimination of nonconforming uses and § 3.07 provides the "reasonable terms" under which some extensions of nonconforming uses may be granted

---

[5] In compliance with § 16 of the Township Rural Zoning Act, the Pennfield Township ordinance does make allowances for the completion, restoration and reconstruction of nonconforming uses. Pennfield. Township Zoning Ordinance, §§ 7.09, 7.08 (1974).

pursuant to the mandate of § 16 of the statute. This construction eliminates potential conflict between the statute and the ordinance and gives full force and effect to both. Moreover, it construes the ordinance in conformity with the overwhelming policy of Michigan law in favor of containment of nonconforming uses.

Therefore, we conclude that the board was authorized under § 3.07 of the ordinance to permit the expansion of defendant Ylioff's building but only if the conditions of that section were satisfied. In other words, the board is not empowered to modify the restrictions of §§ 7.02 and 7.03 unless it makes specific findings of fact which support the conclusion that the extension of the nonconforming use is necessary to implement the spirit of the ordinance to insure public safety or to accomplish substantial justice. Since no such findings have been made in this case, we must remand to the board of appeals for supplemental proceedings consistent with this opinion.

If the board determines that the extension of the nonconforming use requested by the defendant Orchard Park Food Market and defendants Ylioff is necessary to implement the spirit of the ordinance, insure public safety or accomplish substantial justice, the variances should be granted; if not, the variances should be denied. The board is also instructed to observe § 3.09(c)(2) of the zoning ordinance which provides that "[n]o more than the minimum variance from the terms of this [o]rdinance shall be granted which is necessary to relieve the practical difficulty or unnecessary hardship". If the entire 95-foot by 25-foot requested extension is to be granted, the board must find that that size addition to the building is the minimum necessary to implement the spirit of the

ordinance, ensure public safety or accomplish substantial justice.

Finally, we reject plaintiffs' argument that the notice of a public hearing was inadequate under § 3.07 of the zoning ordinance. The notice properly advised the public of its rights to be heard and specifically stated the ordinance sections pertaining to the requested variances.

In all other respects, the decision of the trial court is affirmed. See *Viculin v Dep't of Civil Service*, 386 Mich 375, 406; 192 NW2d 449 (1971), MCL 125.293a(1)(c); MSA 5.2963(23a)(1)(c).

Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.