Smolensk, J.
 

 Petitioner appeals by leave granted the circuit court’s order affirming the decision of the Summit Township Zoning Board of Appeals (zba). The ZBA denied petitioner’s application to modify the nonconforming use of its telecommunications tower. We conclude that the zba correctly characterized petitioner’s application as a request to extend or expand a nonconforming use. However, we also conclude that Summit Township’s zoning ordinance violates the Township Zoning Act, MCL 125.286, to the extent that the ordinance completely prohibits the extension or expansion of a nonconforming use. We reverse and remand for further proceedings before the zba.
 

 I. FACTUAL AND PROCEDURAL BACKGROUND
 

 In 1996, petitioner constructed a telecommunications tower in Summit Township. The tower supported six panel antennas designed to facilitate wireless telephone services. When petitioner constructed the tower, the township zoning ordinance allowed its
 
 *545
 
 construction and operation in the C-2 general commercial district, as a matter of right. However, in 1997, the township amended the zoning ordinance and the operation of petitioner’s tower became a nonconforming use in the C-2 district. In 1999, petitioner requested the township’s permission to replace the six existing antennas with smaller but more powerful antennas. At the same time, petitioner requested the township’s permission to install three additional antennas on the tower. The additional antennas were intended to facilitate personal communications services, which were not supported by the existing antennas on the tower.
 

 The zba treated petitioner’s request as an application to expand a nonconforming use and denied that application under § 5.7.3 of the Summit Township zoning ordinance, explaining its reasoning as follows:
 

 1. Based on the record as a whole, the Board is satisfied that the variance applied for should be denied based on Section 5.7.3(a) of the Summit Township Zoning Ordinance.
 

 2. The above-cited Section provides, in its entirety, as follows:
 

 “No non-conforming use of a structure shall be enlarged, expanded, extended, or altered except in changing the use of such structure to a use permitted in the district in which such structure is located.”
 

 3. It is the position of a majority of the members of the Board that the use of the applicant’s structure, as distinguished from the structure itself, is nonconforming, and that the applicant was requesting an enlargement, expansion, or alteration of such non-conforming use which is prohibited pursuant to the provisions of the above-cited section.
 

 Petitioner appealed the zba’s decision to the circuit court, which affirmed. Petitioner now appeals from
 
 *546
 
 the circuit court’s decision by leave granted. On appeal, we will affirm the decision of a township zoning board unless it is (1) contrary to law, (2) based on improper procedure, (3) not supported by competent, material, and substantial evidence on the record, or (4) an abuse of discretion. Const 1963, art 6, § 28; MCL 125.293a;
 
 Johnson v Robinson Twp,
 
 420 Mich 115, 124; 359 NW2d 526 (1984);
 
 Reenders v Parker,
 
 217 Mich App 373, 378; 551 NW2d 474 (1996).
 

 H. NONCONFORMING USES
 

 “A prior nonconforming use is a vested right in the use of particular property that does not conform to zoning restrictions, but is protected because it lawfully existed before the zoning regulation’s effective date.”
 
 Belvidere Twp v Heinze,
 
 241 Mich App 324, 328; 615 NW2d 250 (2000). Generally speaking, nonconforming uses may not be expanded, and one of the goals of local zoning is the gradual elimination of nonconforming uses.
 
 City of Troy v Papadelis (On Remand),
 
 226 Mich App 90, 95; 572 NW2d 246 (1997). In
 
 Norton Shores v Carr,
 
 81 Mich App 715, 720; 265 NW2d 802 (1978), this Court explained:
 

 Expansion of a nonconforming use is severely restricted. One of the goals of zoning is the eventual elimination of nonconforming uses, so that growth and development sought by ordinances can be achieved. Generally speaking, therefore, nonconforming uses may not expand. The policy of the law is against the extension or enlargement of nonconforming uses, and zoning regulations should be strictly construed with respect to expansion.
 

 “ ‘[I]t is the law of Michigan that the continuation of a nonconforming use must be substantially of the same size and the same essential nature as the use existing at the time of passage of a valid zoning ordinance.’ ”
 

 
 *547
 
 The nonconforming use is restricted to the area that was nonconforming at the time the ordinance was enacted. [Citations omitted.]
 

 EL SUMMIT TOWNSHIP ZONING ORDINANCE
 

 The Summit Township Zoning Ordinance contains several provisions relating to the expansion of nonconforming uses. First, the ordinance describes the township’s general policy regarding nonconforming uses. Section 5.7 provides, in pertinent part:
 

 Where within the districts established by this Ordinance, or by amendments, there exists lots, structures, and uses of land and structures which were lawful before this Ordinance was adopted or amended and which would be prohibited, regulated, or restricted under the terms of this Ordinance, or future amendment; it is the intent of this Ordinance to permit these nonconformities to continue until they are discontinued, damaged, or removed but not to encourage their survival. These nonconformities are declared by this Ordinance to be incompatible with the lots, structures, and uses permitted by this Ordinance in certain districts. It is further the intent of this Ordinance that such nonconformity’s [sic] shall not be enlarged, expanded, or extended except as provided herein; nor be used as ground for adding other lots, structures, or uses prohibited elsewhere in the same district.
 

 Next, the ordinance distinguishes between nonconforming structures and nonconforming uses. Section 5.7.2, which governs nonconforming structures, provides, in pertinent part:
 

 Where, on the effective date of adoption or amendment of this Ordinance, a lawful structure exists that could not be built under the regulations of this Ordinance by reason of restrictions upon lot area, lot width, lot coverage, height, open spaces, or other characteristics of such structure or
 
 *548
 
 its location upon a lot, such structure may be continued so long as it remains otherwise lawful subject to the following provisions:
 

 a. No such structure shall be enlarged, expanded, extended, or altered in a way which increases its non-conformance.
 

 Finally, § 5.7.3, which governs nonconforming uses, provides, in pertinent part:
 

 Where, on the date of adoption or amendment of this Ordinance, a lawful use of a structure exists that is no longer permissible under the regulations of this Ordinance, such use may be continued so long as it remains otherwise lawful subject to the following provisions:
 

 a. No non-conforming use of a structure shall be enlarged, expanded, extended, or altered except in changing the use of such structure to a use permitted in the district in which such structure is located.
 

 c. Any structure devoted in whole or in part to any nonconforming use, work may be done in any period of twelve (12) consecutive months on ordinary repairs or on repair or replacement of non-bearing walls, fixtures, wiring or plumbing to an extent not to exceed ten (10) per cent of the then current replacement value of the structure, provided that the volume of such structure or the number of families housed therein as it existed on the date of adoption or amendment of this Ordinance shall not be increased.
 

 The zba determined, as a factual matter, that petitioner’s telecommunications tower qualified as a nonconforming use under § 5.7.3.
 
 [1]
 
 Applying that section
 
 *549
 
 of the zoning ordinance, the zba concluded that petitioner was requesting an “enlargement, expansion, or alteration” of its nonconforming use. Furthermore, the zba concluded that the ordinance prohibited petitioner’s proposed alterations, which would not have changed the use of the tower to a use permitted in a C-2 district.
 

 Petitioner argues that the ZBA erroneously denied its application because its proposed changes to the tower did not constitute an “expansion” of petitioner’s nonconforming use. To support this argument, petitioner points to the fact that the total size of the nine new antennas would be smaller than the total size of the six existing antennas. We conclude that petitioner’s argument is without merit. Petitioner’s proposal includes the addition of three new antennas to its tower. Despite the fact that these antennas would be smaller than the antennas currently attached to the tower, their addition would clearly increase the number of antennas present. Furthermore, their addition would change the positioning of all the antennas on the tower and would increase the density of the antennas present. Given petitioner’s request to add three new antennas to its tower array, the zba’s decision that petitioner sought to expand its nonconforming use was supported by competent, material, and substantial evidence.
 
 Reenders, supra
 
 at 378.
 

 rv. the township zoning act
 

 Petitioner next argues that the Township Zoning Act, MCL 125.286, recognizes a property owner’s right
 
 *550
 
 to “reconstruction, extension, or substitution of nonconforming uses upon reasonable terms,” and mandates that local zoning ordinances preserve that right. We agree. As interpreted by existing case law, the act requires townships to enact ordinances that provide for the possibility of extending a nonconforming use. Section 5.7.3 of the Summit Township Ordinance does not provide for such a possibility. Instead, the ordinance completely prohibits the extension or expansion of a nonconforming use. Therefore, we conclude that § 5.7.3, standing alone, violates the Township Zoning Act. However, because another provision may exist in the instant township’s zoning ordinance that may resolve the statutory violation, we must remand to the zba for further proceedings.
 

 The Township Zoning Act, MCL 125.286, provides, in pertinent part:
 

 (1) The lawful use of a dwelling, building, or structure and of land or a premise as existing and lawful at the time of enactment of a zoning ordinance, or, in the case of an amendment of an ordinance, then at the time of the amendment, may be continued although the use does not conform with the ordinance or amendment.
 

 (2)
 
 The township board shall provide in a zoning ordinance for the completion, restoration, reconstruction, extension, or substitution of nonconforming uses upon reasonable terms set forth in the zoning ordinance.
 
 In establishing terms for the completion, restoration, reconstruction, extension, or substitution of nonconforming uses different classes of nonconforming uses may be established in the ordinance with different requirements applicable to each class. [Emphasis added.]
 

 In the present case, we must decide whether the statutory language requires a township to
 
 permit
 
 completion, restoration, reconstruction, extension, or
 
 *551
 
 substitution of nonconforming uses upon reasonable terms. In
 
 Rasmussen v Pennfield Twp,
 
 104 Mich App 361, 365-366; 304 NW2d 581 (1981), this Court addressed that question and examined the requirements of MCL 125.286 in the context of township zoning ordinances that prohibit extensions, changes, alterations, or enlargements of nonconforming uses:
 

 Since this section of the statute
 
 requires
 
 that any township zoning ordinance provide for the extension of nonconforming uses upon such, terms as may be reasonable, it would seem that §§ 7.02, and 7.03, of the Pennfield Township Zoning Ordinance which effectively preclude the extension of nonconforming uses, are, as the trial court ruled, in direct conflict with the statute and therefore invalid. [Emphasis in original.]
 

 As with the situation presented in
 
 Rasmussen, supra
 
 at 364, the effect of Summit Township zoning ordinance § 5.7.3 is to preclude a nonconforming use from being “enlarged, expanded, extended, or altered,” unless the change would completely eliminate the nonconforming nature of the use. We conclude that § 5.7.3 of the Summit Township ordinance, standing alone, violates MCL 125.286. We recognize that Michigan law generally disfavors the expansion of nonconforming uses.
 
 Norton Shores, supra
 
 at 720. Nevertheless, we must give force and effect to the intent of the Legislature, as expressed in the Township Zoning Act. That act mandates that townships “shall provide” in a zoning ordinance “for the completion, restoration, reconstruction, extension, or substitution of nonconforming uses upon reasonable terms.” MCL 125.286. We conclude that a township zoning ordinance that completely prohibits the exten
 
 *552
 
 sion or expansion of a nonconforming use violates the terms of the act.
 

 However, the
 
 Rasmussen
 
 Court concluded that the township zoning ordinances under review in that case did not conflict with the statute because the township had enacted a provision allowing its zoning board to “modify any of its rules, regulations or provisions,” in order to observe the spirit of the zoning ordinances and to secure public safety and substantial justice.
 
 Id.
 
 at 366. Therefore, the Pennfield Township zoning board possessed authority to grant a property owner’s request to extend or expand a nonconforming use, in certain circumstances.
 
 Id.
 
 In the present case, the record does not reveal whether Summit Township has enacted an analogous ordinance. We must therefore remand this matter to the zba in order for the board to proceed with a new hearing pursuant to § 5.7.3 and any other township zoning ordinance that, taken in conjunction with § 5.7.3, would allow for the possibility that petitioner could modify the nonconforming use of its telecommunications tower. If the Summit Township ordinance does not contain any provisions that would allow the zba to grant an application for an extension or expansion of a nonconforming use, under any circumstances, then the zba shall consider whether a denial of petitioner’s request would cause any practical difficulties or unnecessary hardships under MCL 125.293, because § 5.7.3 cannot be considered standing alone.
 

 Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.
 

 [1]
 

 The record does not clearly indicate whether petitioner’s tower qualified as a nonconforming structure under township zoning ordinance § 5.7.2, particularly in light of the requirements for such towers contained in ordinance § 5.5.9(g). However, the zba chose to base its decision solely
 
 *549
 
 on § 5.7.3, rather than § 5.7.2. Petitioner does not argue that its tower was not a nonconforming use under § 5.7.3.