# STATE OF MICHIGAN

# COURT OF APPEALS

TRAIL SIDE LLC and ROBERT V. ROGERS,

Plaintiffs-Appellants,

v

VILLAGE OF ROMEO,

Defendant-Appellee.

UNPUBLISHED
July 6, 2017

No. 331747
Macomb Circuit Court
LC No. 2015-002488-AA

Before: FORT HOOD, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiffs appeal an opinion and order of the circuit court affirming a decision of the Zoning Board of Appeals for the Village of Romeo to deny a request to recognize the prior nonconforming use of real property purchased by plaintiff Trail Side LLC. We reverse and remand.

Plaintiff Trail Side owns two parcels of real property located in Romeo. Plaintiff Robert Rogers is the resident agent and managing member of Trail Side. On one parcel of the property there is a large commercial pole barn and the other parcel is a vacant lot. The property was purchased in April 2012 from Michael and Marilyn Claerhout, who had owned the property since 1984. In 1984, the property had been zoned for industrial use and Michael Claerhout had used the property strictly for his business, Denmic Equipment Company, until it was sold to Trail Side. The property had been used by Claerhout for his business to store pipe, pallets, concrete structures, brick, block, vehicles, equipment, trailers, and other materials and items, as well as to engage in mechanical work, welding, cutting, fabrication, painting, and other similar endeavors. Before Trail Side purchased the property, a visual inspection revealed numerous pieces of equipment, semi-trailers, large concrete culverts, broken concrete, plastic pipe, fencing, manhole covers and grids, as well as numerous other large and small items clearly located on most of the property which had been used by Claerhout for his business.

After Trail Side purchased the property, abandoned debris and overgrown brush were removed which created a large area of lawn and a driveway/parking area. At some time after Trail Side purchased the property, it received a citation for a zoning ordinance violation. Subsequently an agreement was reached that grading could be done by plaintiffs in compliance with an engineered topography plan.

-1-

In September 2014, Rogers was issued a misdemeanor citation for violating the R-1 zoning ordinance requirements, storing loose material, and for storing an unscreened truck on the subject property.[1]  In April 2015, Rogers filed a petition with the Zoning Board of Appeals for the Village of Romeo, requesting the Board to recognize the prior nonconforming use of the property—which had been ongoing and continuous from at least 1984—and determine that enforcement of R-1 zoning with regard to the property was inappropriate.  Specifically, Rogers sought to continue to use the property in the same manner as the predecessors in title to:  store materials inside and outside the existing structure; store vehicles, trailers, and other equipment; and engage in mechanical work, welding, cutting, fabrication, painting, and other similar endeavors.

On May 27, 2015, a hearing on the petition was held by a four-member Zoning Board of Appeals.  One member of the Board was Zack Fowler.  He owned the adjacent property, had tried to purchase the subject property but was outbid by Trail Side, and offered to purchase the property from Trail Side at the hearing.  According to the minutes of the hearing, the recording secretary "read three letters that were sent to the Village Clerk, objecting to the industrial zoning of the said property."  One of the letters was from Fowler's wife, Janece, who also was present at the meeting and voiced her objection to Rogers use of the property.  Rogers' attorney explained to the Board that Rogers sought to continue to use the property in the same manner as his predecessors in title and reiterated the specific uses set forth in the petition.  Officer Lynda Blevins from the Romeo Police Department stated that, in 2012, Rogers was issued a citation "regarding grading property, water run off," but eventually there was compliance.  However, a zoning ordinance violation for storage of loose material and for storage of construction equipment remained pending in the district court.  According to the hearing minutes, Ed Risch, a Zoning Board of Appeals member, stated that Rogers "claims that it's non-conforming but we have no assurance from him of what he intends to do with the property.  He [Risch] is completely against the idea of an industrial zoning in this residential area."  Thereafter, the four-member board voted unanimously to deny the petition.

In July 2015, plaintiffs filed this action in the circuit court appealing the decision of the Zoning Board of Appeals.  See MCL 125.3605, 125.3607.  Plaintiffs averred that the zoning of the subject property had been changed from industrial to single family residential in January 1994.  However, from 1984 until the 2014 tax year, defendant Village of Romeo had been taxing the property as "commercial—improved," which meant that the assessor acknowledged the property was being used for commercial purposes.  And Michael Claerhout clearly and continuously used the property for his business, Denmic Equipment Company, as set forth in his attached affidavit.  Plaintiffs alleged that nonconforming uses run with the land so that the sale of the property does not extinguish the right to use the property for the nonconforming use.  Therefore, plaintiffs alleged, Trail Side was entitled to use the subject property in the same nonconforming manner as the Claerhouts used the property and the Zoning Board of Appeals

---

[1] These ordinance violations were pending in the district court when this action was filed.

erred in denying Rogers' petition requesting recognition of this prior nonconforming use.[2] Accordingly, plaintiffs requested the circuit court to reverse the decision of the Zoning Board of Appeals.

Subsequently, plaintiffs filed a brief in support of their appeal. Plaintiffs argued that a vested lawful prior nonconforming use of property runs with the land and cannot be extinguished by transfer of title or by the governing municipality/entity. Thus, because the Claerhouts utilized the subject property in a manner consistent with its previous industrial zoning designation, even after the property was rezoned to R-1, Trail Side was also entitled to use the property in the same manner. Further, plaintiffs argued, one voting member of the Zoning Board of Appeals, Zack Fowler, had a clear conflict of interest and, thus, Rogers was denied a fair, impartial hearing. Plaintiffs filed two affidavits to support this claim. The affidavits indicated that: (a) Fowler owned property adjacent to the subject property, (b) Fowler had attempted to purchase the subject property but was outbid by Trail Side, (c) Fowler asked Rogers at the hearing to sell him the property for $50,000, (d) Fowler was asked by Rogers' counsel to disqualify himself from voting on this matter in light of his conflict of interest, and (d) Fowler voted on, and denied, Rogers' petition. Accordingly, plaintiffs requested the circuit court to reverse the decision of the Zoning Board of Appeals.

Defendant Village of Romeo filed a brief in opposition to plaintiffs' appeal. First, it argued that plaintiffs' complaint should be dismissed because it was not a "claim of appeal" and was not in compliance with MCR 7.104(C)(1) and MCR 7.122(C). Second, defendant argued that Rogers, who filed the petition with the Zoning Board of Appeals, was not the owner of the subject property; Trail Side was the owner but it did not petition the Zoning Board of Appeals. Thus, neither plaintiff was an "aggrieved party" under MCL 125.3606(1) so neither could invoke the circuit court's jurisdiction. Third, plaintiffs' brief on appeal was untimely; thus, their complaint should be dismissed. And fourth, defendant argued that the decision of the Zoning Board of Appeals met all of the requirements under MCL 125.3606(1), including that it was authorized by law and supported by competent, material, and substantial evidence on the whole record. Rogers did not own the property so even if a nonconforming use existed, it would belong to the property owner and not Rogers. Further, Bruce Township actually assessed the taxes on the property, not the Village of Romeo, and its assessing classifications did not determine the uses of the property. Moreover, Rogers admitted at the hearing that he knew the property was zoned for residential use when the property was purchased by Trail Side. And, defendant argued, plaintiffs' claim that Fowler had a conflict of interest was without merit but, in any case, if he had recused himself from voting the petition still would have been denied since it was a unanimous decision of the four-member board. Accordingly, defendant requested the circuit court to affirm the decision of the Zoning Board of Appeals and dismiss this matter in its entirety.

---

[2] Plaintiffs also noted that the appeal hearing minutes did not reflect the conflict of interest objection raised by Rogers' attorney with regard to Fowler's participation in the hearing or the fact that at two different times Fowler indicated that he perhaps should abstain from voting on Rogers' petition.

Following oral arguments, the circuit court issued an opinion and order affirming the decision of the Zoning Board of Appeals and dismissing this matter. The court first held that plaintiffs' appeal was timely and any procedural deficiencies did not warrant dismissal. Second, the court noted that plaintiffs did not support their argument that a nonconforming use transfers with the property upon the sale to a new owner. To the contrary, the law provides that "the non-conforming use must be substantially of the same size and essentially the same nature as the use at the time of the passage of the zoning ordinance." Thus, the court held, defendant had to allow the Claerhouts to continue their use of the property after the rezoning, but when they sold it to Trail Side, "it became possible to replace that use with one that conforms to the local zoning ordinance." Therefore, plaintiffs were not entitled to continue using the land in a manner that did not conform to the applicable zoning ordinances. The circuit court rejected plaintiffs' conflict of interest claim holding that, while the record demonstrated that Fowler had a personal interest in acquiring the property, the evidence did not support a finding of bias. Accordingly, the circuit court affirmed the decision of the Zoning Board of Appeals that the subject property could only be used for residential purposes.

Plaintiffs then filed this appeal. Defendant argues in its responsive brief on appeal that this Court should dismiss plaintiffs' appeal for lack of jurisdiction because plaintiffs did not file an application for leave to appeal. While we agree that plaintiffs were not entitled to an appeal of right, MCR 7.203(A)(1)(a), we consider plaintiffs' appeal as on leave granted, MCR 7.203(B)(1).[3] Defendant also argues that plaintiffs improperly filed a "complaint" instead of a "claim of appeal" in the circuit court and, thus, did not invoke the circuit court's jurisdiction. However, the circuit court specifically considered and properly rejected this same claim, holding that the document contained "all the required information set forth in MCR 7.104(C) and 7.122(C)." And defendant argues that plaintiffs are not "aggrieved parties" within the meaning of MCL 125.3606; thus, the circuit court should have dismissed plaintiffs' appeal. However, the circuit court considered this claim and noted that Trail Side owned the property and clearly had standing so it declined to determine whether Rogers was also an "aggrieved party." On appeal, defendant argues that Rogers could not be an "aggrieved party" under MCL 125.3606 because he did not have any interest in the subject property. But the Zoning Board of Appeals held a hearing on Rogers' petition and denied it on substantive, not procedural, grounds. Further, as defendant states in its brief, Rogers had been "prosecuted" by defendant on at least two occasions for using the subject property as if it was zoned industrial rather than residential. And Rogers is the resident agent and managing member of Trail Side, a limited liability company. See MCL 450.4406, 450.4510; *In re Estate of Capuzzi*, 470 Mich 399, 402; 684 NW2d 677 (2004) ("It is a longstanding legal principle that a duly authorized agent has the power to act and bind the principal to the same extent as if the principal acted.") Under the circumstances presented, we conclude that Rogers is an "aggrieved party" under MCL 125.3606.

---

[3] See, e.g., *Century Cellunet of Southern Mich Cellular, Ltd Partnership v Summit Twp*, 250 Mich App 543, 545-546; 655 NW2d 245 (2002); *Carleton Sportman's Club v Exeter Twp*, 217 Mich App 195, 201; 550 NW2d 867 (1996).

-4-

Turning to the substantive issues raised on appeal, plaintiffs argue that the prior nonconforming use of the property ran with the land and, thus, the Zoning Board of Appeals improperly denied the petition to recognize the prior nonconforming use. We agree.

We review de novo a circuit court's decision in a zoning board appeal. *Hughes v Almena Twp*, 284 Mich App 50, 60; 771 NW2d 453 (2009). As set forth in the Michigan Zoning Enabling Act, MCL 125.3101 *et seq*, the circuit court reviews the decision of the zoning board of appeals to determine if the decision (a) complied with the constitution and laws of the state, (b) was based on proper procedure, (c) was supported by competent, material, and substantial evidence, and (d) represented a reasonable exercise of discretion granted to the board. MCL 125.3606(1); *Edw C Levy Co v Marine City Zoning Bd of Appeals*, 293 Mich App 333, 340; 810 NW2d 621 (2011). The zoning board's factual findings are accorded deference. *Norman Corp v City of East Tawas*, 263 Mich App 194, 198; 687 NW2d 861 (2004). But this Court reviews the circuit court's determination regarding the zoning board's findings to determine whether the circuit court "applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the [zoning board's] factual findings." *Hughes*, 284 Mich App at 60, quoting *Boyd v Civil Service Comm*, 220 Mich App 226, 234; 559 NW2d 342 (1996).

MCL 125.3208(1) provides: "If the use of a dwelling, building, or structure or of the land is lawful at the time of enactment of a zoning ordinance or an amendment to a zoning ordinance, then that use may be continued although the use does not conform to the zoning ordinance or amendment." According the statutory language its plain and ordinary meaning, as we must,[4] it is clear that the right to continue in the prior nonconforming use of the property runs with the land, not the landowner, although the landowner may benefit from such use. In other words, for example, property being used for a gas station business before and after a zoning change from commercial to residential may still be used for a gas station business after it is sold to a new owner. In *Heath Twp v Sall*, 442 Mich 434, 439; 502 NW2d 627 (1993), our Supreme Court held: "A prior nonconforming use is a vested right in the use of particular property that does not conform to zoning restrictions, but is protected because it lawfully existed before the zoning regulation's effective date." As explained by this Court in *Norton Shores v Carr*, 81 Mich App 715; 265 NW2d 802 (1978):

> A nonconforming use comprehends the physical characteristics, dimensions, or location of a structure as well as the functional use thereof or of the premises on which it is located, and is used as a generic term that includes nonconforming use of conforming structures and plots, nonconforming use of nonconforming structures and plots, and conforming use of nonconforming structures and plots. [*Id.* at 719 (internal quotation marks and citations omitted).]

However, "a continuation of a nonconforming use must be substantially of the same size and essential nature as the use at the time of the passage of the zoning ordinance." *Eveline Twp v H*

---

[4] See *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002).

*& D Trucking Co*, 181 Mich App 25, 29; 448 NW2d 727 (1989). Nonconforming uses may not be expanded or enlarged. *Norton Shores*, 81 Mich App at 720. That is so because "[o]ne of the goals of zoning is the eventual elimination of nonconforming uses, so that growth and development sought by ordinances can be achieved." *Id.*; see also MCL 125.3208(4).

In this case, plaintiffs' predecessors in title, the Claerhouts, used the subject property under an industrial zoning classification for their business. At some point in time the zoning classification changed to residential. But at the time Trail Side purchased the property from the Claerhouts in 2012, it still had a large commercial pole barn and the property was being used to store pipe, pallets, concrete structures, brick, block, vehicles, equipment, trailers, and other materials and items, as well as to engage in mechanical work, welding, cutting, fabrication, painting, and other similar endeavors. It appears from the record evidence that after Trail Side purchased the property, defendant attempted to enforce the residential zoning classification without regard to the existence of the prior nonconforming use. Consequently, Rogers filed a petition with the Zoning Board of Appeals requesting the Board to recognize the existence of the prior nonconforming use with regard to Trail Side's use of the property in the same manner that it had been used by the Claerhouts.

Pursuant to MCL 125.3604(1), the "zoning board of appeals shall state the grounds of any determination made by the board." And in this case, the hearing minutes provide the grounds for the denial of Rogers' petition, as stated by board member Ed Risch: "Mr. Rogers claims that it's non-conforming, but we have no assurance from him of what he intends to do with the property. [Risch] is completely against the idea of an industrial zoning in this residential area." That is the entirety of the stated grounds for the determination. Thereafter, the four-member board denied Rogers' petition to recognize the existence of a prior nonconforming use.

It is clear from Risch's brief comments that he—and apparently the other members of the Board—misapprehended the law pertaining to prior nonconforming uses. Trail Side purchased the property in April 2012 and had been continuously using the property, including the large commercial pole barn, when Rogers filed the petition in 2015, after receiving another citation. Thus the issue was not what Rogers "intends to do with the property." The issue was whether what Rogers *was doing* with the property was permissible because it was substantially the same in size and nature as what the Claerhouts were doing with the property at the time it was purchased by Trail Side. See *Eveline Twp*, 181 Mich App at 29. Again, as set forth in MCL 125.3208(1), the right to continue in the prior nonconforming use of property runs with the land. And defendant's own zoning ordinances pertaining to prior nonconforming uses likely provide that a change in ownership does not extinguish an existing nonconforming use. It is also well-established that requiring the "cessation of a nonconforming use may be held to be unconstitutional because it brings about a deprivation of property rights[.]" *Austin v Older*, 283 Mich 667, 676; 278 NW 727 (1938).

And Risch's personal opinion about whether the industrial use of the property was a "good idea" was irrelevant. The record clearly shows that the property was, in fact, being used under an industrial zoning classification for several years before and after the zoning change and Trail Side's purchase of the property. Thus, contrary to the circuit court's opinion, Rogers was not attempting to *establish* a prior nonconforming use, he was attempting to *continue* a prior

nonconforming use. The industrial zoning classification had been changed to a residential zoning classification years before but the Claerhouts continued to use the property consistent with the industrial classification which is what Trail Side was doing.

Further, contrary to the circuit court's opinion, Rogers did not request to expand or enlarge the prior nonconforming use; rather, he requested to continue the nonconforming use in substantially the same form and scope as the Claerhouts. The record from the Zoning Board of Appeals hearing does not reference any request to expand or enlarge the prior nonconforming use. In fact, the hearing minutes clearly show that Rogers' attorney stated that the prior nonconforming use "has been ongoing and continuous from at least 1984 to present." Further, counsel stated on the record that Rogers

> seeks to continue to utilize the subject property in the same manner as [the] predecessors in title. Specifically: Storage of materials inside and outside and [sic] existing structure; storage of operational vehicles, trailers and other equipment; usage consistent with prior usage of Denmic Equipment, which would include mechanical work, welding, cutting, fabrication, painting of equipment, etc.

Moreover, the hearing minutes clearly demonstrate that decision of the Zoning Board of Appeals was not premised on any request to expand or enlarge the prior nonconforming use; rather, the decision was an outright denial of the request to continue substantially the same nonconforming use.

For the reasons discussed above, the circuit court should have concluded that the decision of the Zoning Board of Appeals was in violation of MCL 125.3606(1). Accordingly, we reverse the circuit court's order affirming the decision of the Zoning Board of Appeals. In light of our resolution of this issue, we need not address plaintiffs' argument that Zoning Board of Appeals' member Zack Fowler had a conflict of interest that denied Rogers a fair and impartial hearing. However, it appears that Fowler had a conflict of interest considering the facts that: (1) Fowler lost a bidding contest with Trail Side for the same property, (2) Fowler attempted to purchase the property from Trail Side for $50,000 at the appeal hearing, (3) Fowler owned the property adjacent to the subject property,[5] (4) Fowler's wife both wrote a letter and appeared at the hearing as a member of the public in opposition to Rogers' petition, (5) Fowler did not abstain from voting on Rogers' petition but instead supported Risch's "motion" to deny Rogers' petition, and (6) Fowler was absent at the next meeting of the Zoning Board of Appeals when the minutes from Rogers' appeal hearing were approved. See MCL 125.3601(9).

Reversed and remanded to the circuit court for entry of an order providing that the prior nonconforming use may continue in substantially the same size and essential nature as existed at the time Trail Side purchased the property from the Claerhouts, but such nonconforming use may

---

[5] See, for example, the Zoning Board of Appeals Handbook, published by the Michigan Municipal League. See www.mml.org/pdf/zbabook.pdf, § 17.

not be expanded or enlarged. Plaintiffs are entitled to costs as the prevailing parties. MCR 7.219(A). We do not retain jurisdiction.


/s/ Karen M. Fort Hood
/s/ Mark J. Cavanagh
/s/ Amy Ronayne Krause