*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SOUTHFIELD LODGE, INC.,

      Appellant,

v

CITY OF SOUTHFIELD ZONING BOARD OF APPEALS,

      Appellee.

UNPUBLISHED
June 25, 2019

No. 343783
Oakland Circuit Court
LC No. 2017-160671-AA

Before: SAWYER, P.J., and O'BRIEN and LETICA, JJ.

PER CURIAM.

Appellant appeals as of right the circuit court's order affirming a decision by appellee, the Zoning Board of Appeals for the city of Southfield (ZBA), to deny appellant's request to maintain exterior lighting on appellant's property. We affirm.

On appeal, the ZBA contests this Court's jurisdiction to hear this case, asserting that an appeal from a circuit court's review of a decision by a zoning board of appeals is an appeal by leave not an appeal by right pursuant to MCR 7.203(A)(1)(a), which provides that the Court of Appeals has jurisdiction over a final order of a circuit court, or court of claims, as defined in MCR 7.202(6), except when the judgment or order of the circuit court is "on appeal from any other court or tribunal." In order to "determine whether an administrative agency's determination is adjudicatory in nature, courts compare the agency's procedures to court procedures to determine whether they are similar." *Natural Resources Defense Council v Dep't of Environmental Quality*, 300 Mich App 79, 86; 832 NW2d 288 (2013). "Quasi-judicial proceedings include procedural characteristics common to courts, such as a right to a hearing, a right to be represented by counsel, the right to submit exhibits, and the authority to subpoena witnesses and require parties to produce documents." *Id*. The ZBA in this case was not acting as a tribunal. The ZBA proceeding was not a contested case, and the proceeding was not similar to court proceedings; rather, the proceeding was a public hearing at which appellant and a representative for the city were able to make comments, and following those comments, the ZBA simply made its decision on appellant's request. Therefore, MCR 7.203(A)(1)(a) is not applicable to this case. The circuit court's order was a final order under MCR 7.202(6)(a)(i), and, therefore, the order is appealable as of right under MCR 7.203(A)(1).

-1-

Appellant operates as a hotel in Southfield, Michigan. On February 23, 2015, the city of Southfield ("city"), amended Zoning Ordinance No. 1635, Chapter 45, Zoning Article 4 by adding Section 5.22-4 ("Section 5.22-4"), which regulated exterior lighting on buildings. Section 5.22-4 went into effect on March 5, 2015. Section 5.22-4 requires that the lighting on the exterior of a building cannot exceed "one (1) linear foot of neon or fiber-optic tube for each linear foot of building façade on the side of the building the tube is being placed upon." For approximately 15 years prior to the effective date of Section 5.22-4, appellant's hotel had neon tube lighting along the exterior of the hotel. Appellant's neon tube lighting had been in full conformity with the city's zoning laws prior to the effective date of Section 5.22-4. Around the time Section 5.22-4 went into effect, appellant removed the neon lighting from the building and installed the existing LED lighting on the hotel. When the lighting was modified from neon lighting to the existing LED lighting, there were changes made to the configuration and location of the lighting on the hotel. The new LED lights measured 1,028 linear feet, which was 690 linear feet more than was permitted under Section 5.22-4. Appellant filed for a variance with the ZBA because the existing lighting did not conform to the requirements of Section 5.22-4. The ZBA denied appellant's application concluding that the existing LED lighting was not "grandfathered" in because appellant had lost its entitlement to maintain the old neon lighting when it removed the neon lighting and unlawfully replaced it with the existing LED lighting, which was not in conformity with Section 5.22-4 of the amended ordinance. The ZBA also concluded that the existing lighting was a self-created hardship and was not consistent with the "spirit and intent" of the amended ordinance. Appellant appealed the ZBA's decision to the circuit court arguing that the ZBA could not require that appellant obtain a variance to maintain its existing LED lighting because the existing lighting was a valid nonconforming use, and therefore, appellant had a vested right in its existing LED lighting. The circuit court affirmed the ZBA's denial of appellant's variance concluding that appellant had lost its vested right in the exterior lighting when it removed the neon lighting and unlawfully installed the existing LED lighting.

Appellant argues that the circuit court erred in affirming the ZBA's denial of appellant's variance to maintain the existing LED exterior lighting on the outside of appellant's hotel. We disagree.

"This Court reviews de novo a trial court's decision in an appeal from a city's zoning board, while giving great deference to the trial court and zoning board's findings." *Norman Corp v City of East Tawas*, 263 Mich App 194, 198; 687 NW2d 861 (2004). "A finding is clearly erroneous if the reviewing court, on the whole record, is left with the definite and firm conviction that a mistake has been made." *Hughes v Almena Twp*, 284 Mich App 50, 60; 771 NW2d 453 (2009). This Court reviews de novo issues regarding the construction of statutes and ordinances. *Olsen v Chikaming Twp*, 325 Mich App 170, 180; 924 NW2d 889 (2018). Constitutional issues are reviewed de novo. *Sidun v Wayne Co Treasurer*, 481 Mich 503, 508; 751 NW2d 453 (2008).

Pursuant to MCL 125.3606(1) of the Michigan Zoning Enabling Act, the circuit court reviews the decision of a zoning board of appeals to ensure that the decision (a) complies with the constitution and laws of the state; (b) is based upon proper procedure; (c) is supported by competent, material, and substantial evidence on the record; and (d) represents the reasonable exercise of discretion granted by law to the zoning board of appeals. *Edw C Levy Co v Marine City Zoning Bd of Appeals*, 293 Mich App 333, 340; 810 NW2d 621 (2011). The "standard

regarding the substantial evidence test is the same as the familiar 'clearly erroneous' standard." *Hughes*, 284 Mich App at 60.

Specifically, appellant argues that the ZBA's denial of appellant's variance was in contravention of appellant's right to maintain the existing LED lighting on the hotel because appellant has a vested property right in the lighting because it is a nonconforming use. MCL 125.3208(1) provides: "If the use of a dwelling, building, or structure or of the land is lawful at the time of enactment of a zoning ordinance or an amendment to a zoning ordinance, then that use may be continued although the use does not conform to the zoning ordinance or amendment." "An existing nonconforming use is a vested right in the use of particular property that does not conform to zoning restrictions, but is protected because it lawfully existed before the zoning regulation's effective date." *Edw C Levy Co*, 293 Mich App at 341-342. "Nonconforming use involves the physical characteristics, dimensions, or location of a structure, as well as the use of the premises." *Id*. at 342. This Court has also stated the following:

> Nonconforming uses may not generally be expanded, and one of the goals of local zoning is the gradual elimination of nonconforming uses. The policy of the law is against the extension or enlargement of nonconforming uses, and zoning regulations should be strictly construed with respect to expansion. The continuation of a nonconforming use must be substantially of the same size and the same essential nature as the use existing at the time of passage of a valid zoning ordinance. Moreover, the nonconforming use is restricted to the area that was nonconforming at the time the ordinance was enacted. [*Edw C Levy Co*, 293 Mich App at 342 (citations omitted).]

Appellant argues that it established a vested nonconforming use in the originally installed neon tube light because the lighting was lawfully installed approximately 15 years prior to the enactment of the amended ordinance, and the existing LED lighting is a continuation of that vested nonconforming use. Moreover, appellant asserts that the modification of the lighting from the original neon tube lighting to the existing LED lighting did not expand, enlarge, or change the nature of the lighting, and therefore, appellant is entitled to maintain the existing lighting as a valid nonconforming use. The ZBA does not dispute that appellant's neon tube lighting was lawfully installed and conformed to the city's zoning ordinance in effect at the time the neon tube lighting was installed on the hotel, and the ZBA does not dispute that appellant had a vested property right in the originally installed neon tube lighting. The ZBA's contention, however, is that appellant lost any right that it had to maintain the neon tube lighting after the effective date of Section 5.22-4 of the amended ordinance when appellant removed the neon tube lighting from the hotel and commenced work on the unlawful installation of the existing LED lighting. The trial court agreed with the ZBA that any vested right that appellant had in the neon tube lighting was lost at the time of the unlawful installation of the LED lighting.

The circuit court did not err in affirming the ZBA's denial of the variance. As an initial matter, it is unclear exactly when appellant began work on the LED light installation. In the circuit court and on appeal to this Court, appellant asserts that at the time Section 5.22-4 went into effect, appellant still maintained the lawfully installed neon tube lighting, and the LED lighting was installed after the effective date of Section 5.22-4. However, during the August 1, 2017 hearing before the ZBA, appellant's counsel conceded that work on the LED installation commenced during the moratorium period, prior to the effective date of Section 5.22-4. The

time period in which the work on the LED lighting commenced is not dispositive as to whether the ZBA erred in denying appellant's request for a variance.

If the LED lighting commenced during the moratorium period and prior to the effective date of Section 5.22-4 of the amended ordinance, appellant cannot claim a vested property right in the existing LED lighting because the lawfully installed neon tube lighting had already been removed and the unlawful installation of the LED lighting had commenced prior to the effective date of the amended ordinance. Appellant does not dispute that the existing LED installation was performed without the necessary electrical permits or approval from the city, nor does appellant dispute that an unlicensed contractor performed the LED installation. Pursuant to the Michigan Electrical Code (MEC), Part 8 80.19, "A person shall not equip a building with electrical conductors or equipment or make an alteration of, change in, or addition to, electrical conductors or equipment without receiving a written permit to do the work described." Therefore, if appellant had already removed the neon tube lighting at the time Section 5.22-4 went into effect, appellant would not have a vested right in the existing LED lighting. The neon tube lighting, which had existed lawfully and in conformity with prior zoning laws, no longer existed. Instead, the LED light installation existed, which was not "lawful at the time of enactment of a zoning ordinance or an amendment to a zoning ordinance," MCL 125.3208(1), and thus, the LED lights would not constitute a valid nonconforming use, and appellant would not have a vested right in the LED light installation.

Therefore, if appellant did not have a valid nonconforming use at the time Section 5.22-4 of the amended ordinance went into effect, the relevant inquiry is whether the city was entitled to require that appellant seek a variance for the LED lighting. Section 5.22-4(4) of the amended ordinance requires that "Any lighting which was unlawfully installed and maintained prior to the effective date of this Section and which fails to conform to all applicable regulations and restrictions of this Section must be removed or a variance sought from the Zoning Board of Appeals." Under this section, the city had the right to require that appellant seek a variance. Appellant had unlawfully installed and maintained lighting prior the effective date of Section 5.22-4, and the lighting did not conform to the requirements of the amended ordinance. Section 5.22-4 permits not more than "one (1) linear foot of neon or fiber-optic tube for each linear foot of building façade on the side of the building the tube is placed upon." The evidence established that appellant's existing LED lighting was 1,028 linear feet and the amended ordinance permits only 538 linear feet of exterior lighting. Thus, appellant's exterior lighting was 690 linear feet or 128% above what Section 5.22-4 of the amended ordinance permits. Therefore, if appellant installed the existing LED light installation during the moratorium period, the city had the authority to require appellant to seek a variance for the new exterior lighting pursuant to Section 5.22-4(4) of the amended ordinance, and the ZBA did not abuse its discretion in denying appellant's request for a variance.

In the alternative, if at the time Section 5.22-4 of the amended ordinance became effective, appellant had not installed the LED lighting and still maintained the lawfully installed neon tube lighting, then appellant would have had a valid nonconforming use at the time the amended ordinance became effective, and Section 5.22-4(4) would not, by its plain terms, be applicable to this issue because appellant's lighting was lawfully maintained at the time of the amended ordinance. Therefore, the question is whether appellant enlarged, expanded, or changed the nature of the prior nonconforming use. A "nonconforming use is restricted to the area that was nonconforming at the time the ordinance was enacted." *Century Cellunet of*

*Southern Mich Cellular, Ltd Partnership v Summit Twp*, 250 Mich App 543, 547; 655 NW2d 245 (2002). "Expansion of a nonconforming use is severely restricted. One of the goals of zoning is the eventual elimination of nonconforming uses, so that growth and development sought by ordinances can be achieved." *Id*. However, "not every change in a nonconforming use constitutes an extension of a prior nonconforming use." *Kopietz v Zoning Bd of Appeals for City of Village of Clarkston*, 211 Mich App 666, 676; 535 NW2d 910 (1995).

Appellant argues that the existing LED lighting is a valid nonconforming use because it has not enlarged or expanded the previous neon tube lighting, but rather, the existing lighting is more in conformity with the requirements of Section 5.22-4 because the amount of lighting was reduced, the elevation of the lighting was lowered on the hotel, and the lighting was changed to more energy efficient LED lighting. The record evidence established that appellant removed strands of neon lighting from the roof of the hotel, and reinstalled LED lighting at a lower elevation and in different locations around the exterior of the hotel. New LED lighting was added to the side of the hotel to create an array of lights for aesthetic purposes. During the lighting renovations, windows were also added to the property and lighting was installed around the new windows to accent the windows. Although it is unclear exactly how the existing LED lights changed in configuration, location, or size from the previous neon lighting, appellant does not have a vested right in the existing LED lights. The existing lights are not simply a continuation of the previous neon lights that were lawfully installed 15 years prior to the amended ordinance. Appellant removed the neon lights from the building, and installed completely new LED lights in different areas of the hotel, with different configurations along the building, and without the permits or approval necessary to complete the work as required by law. Thus, the existing LED lights were not contained to the same area that the previous nonconforming neon lights had been; rather, it appears that a renovation occurred, during which appellant reinstalled all new lighting in different areas and with different dimensions along the hotel. Because nonconforming uses are to be restricted to the area of the prior use and expansion is to be severely restricted, appellant's existing LED lights do not constitute a valid nonconforming use. Because appellant does not have a vested right in the existing LED lighting, the ZBA did not abuse its discretion in denying appellant's request for a variance of approximately 690 linear footage of lighting because it is in clear violation of Section 5.22-4 of the amended ordinance.

In conclusion, whether appellant installed the LED lighting during the moratorium period or after the effective date of Section 5.22-4, the ZBA did not err in denying appellant's request for a variance, and therefore, the circuit court did not err in finding that the ZBA's decision to deny appellant's request for a variance was supported by competent, material, and substantial evidence.

Affirmed.

/s/ David H. Sawyer
/s/ Colleen A. O'Brien
/s/ Anica Letica