# STATE OF MICHIGAN

# COURT OF APPEALS

TOWNSHIP OF MACOMB,

       Plaintiff-Appellee,

v

OJARS SVINTE, INGE SVINTE, MICHAEL
SVINTE, and STEVEN SVINTE,

       Defendants-Appellants.

UNPUBLISHED
December 18, 2014

No.   318064
Macomb Circuit Court
LC No.   2012-003062-CZ

Before:  O'CONNELL, P.J., and BORRELLO and GLEICHER, JJ.

PER CURIAM.

In this action regarding a zoning ordinance violation, defendants appeal as of right the trial court's order granting summary disposition in favor of plaintiff pursuant to MCR 2.116(C)(10) and enjoining defendants from using their property for commercial purposes or for storing commercial property.  We affirm.

Defendants purchased the property in question in 1982 or 1983 from Virginia and Robert Higgs.  Evidence was presented that when defendants purchased the property the Higgses lived on the property and were also using the property for commercial purposes.  After purchase, defendants also used the property for similar commercial purposes and to store equipment. However, defendants presented no evidence as to how long the Higgses had used the property for commercial purposes, how long the Higgses had owned the property, or what use the Higgses grantors had used the property for.  Plaintiff, in contrast, presented documentary evidence showing that the property was continuously zoned as agricultural from at 1959 to 2005.  They also presented documentary evidence showing that the property was rezoned as residential on February 22, 2006.  From at least 1983 until September 2014, defendants used the property for commercial purposes that were otherwise unpermitted under the applicable zoning ordinances. In 2011, plaintiff notified defendants that it believed defendants' use of the property for commercial use and to store commercial equipment violated the zoning ordinance.  However, the parties were unable to resolve the issue, leading to plaintiff filing the present suit on July 11, 2012, and then moving for summary disposition pursuant to MCR 2.116(C)(10) on April 18, 2013.  Plaintiff argued that defendants' use of the property violated the zoning ordinance, that

-1-

there was not a prior nonconforming use because the commercial use of the property was never legal, and that, even if there was a prior nonconforming use, defendants had inappropriately expanded that use. Defendants responded[1] by arguing that they were protected by a nonconforming use. Specifically, defendants asserted that the absence of any zoning restrictions enjoyed by the property's original settlers in the 1830s meant that the use had always been nonconforming. Defendant's presented no evidence in support of their assertion that the use of the property had always been nonconforming. The trial court granted summary disposition, finding that there was no evidence of any nonconforming use and that, even if there was, it had been improperly expanded by defendants.

On July 29, 2013, defendants filed a motion for reconsideration, presenting numerous defenses and arguments not originally before the trial court. The trial court responded that defendants should have provided those arguments in their response to the summary disposition motion and denied the motion for reconsideration.

"This Court reviews decisions on motions for summary disposition de novo to determine if the moving party was entitled to judgment as a matter of law." *Alcona Co v Wolverine Environmental Prod, Inc*, 233 Mich App 238, 245; 590 NW2d 586 (1998). A motion for summary disposition pursuant to MCR 2.116(C)(10) "tests the factual sufficiency of the complaint." *Joseph v Auto Club Ins Assoc*, 491 Mich 200, 206; 815 NW2d 412 (2012). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). Summary disposition is proper where there is no "genuine issue regarding any material fact[.]" *Id*. "Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Quinto v Cross and Peters Co*, 451 Mich 358. 358; 547 NW2d 314 (1996). "If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted." *Id*. at 363.

Defendants first argue that their use of the land could be described as "truck gardening," and therefore be a permitted use under the zoning ordinance. However, this argument is not preserved for appeal because it was not raised, considered, or decided by the trial court. *Fast Air, Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999). This Court need not review issues not preserved for appeal, but can do so, at its discretion, when presented with "an issue of law for which all the relevant facts are available." *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). Here, because the record does not contain any evidence regarding the alleged "truck gardening," we decline to address this argument further.

---

[1] Although defendants' response to plaintiff's motion for summary disposition was untimely, the trial court nevertheless considered it when deciding the motion.

Defendant next argues that summary disposition was inappropriate because there was a prior nonconforming use. "An existing nonconforming use is a vested right in the use of particular property that does not conform to zoning restrictions, but is protected because it lawfully existed before the zoning regulation's effective date." *Edw C Levy Co v Marine City Zoning Bd of Appeals*, 293 Mich App 333, 341-342; 810 NW2d 621 (2011). "In other words, it is a lawful use that existed before the restriction, and therefore continues after the zoning regulation's enactment." *Heath Twp v Sall*, 442 Mich 434, 439; 502 NW2d 627 (1993). "Once a nonconforming use is established, a subsequently enacted zoning restriction, although reasonable, will not divest the property owner of the vested right." *Id*. Indeed, this case law has been partially codified at MCL 125.3208(1): "If the use of a dwelling, building, or structure or of the land is lawful at the time of enactment of a zoning ordinance or an amendment to a zoning ordinance, then that use may be continued although the use does not conform to the zoning ordinance or amendment." Here, the only evidence defendants presented in support of its prior nonconforming use argument was that the Higgses had used the property for commercial purposes before they purchased it in 1982. However, defendants are required to show a legal use occurring before the 1973 agricultural zoning ordinance took place. See *Heath Twp*, 442 Mich at 439. Defendants provide absolutely no evidence of this, which they were required to do, MCR 2.116(G)(4), to survive summary disposition.[2]

Defendants also argue that summary disposition was not proper because plaintiff failed to rebut all of defendants' asserted affirmative defenses. They further argue that they were not required to provide any evidence by law and that even uncontroverted evidence is not enough to warrant summary disposition. Not only were these arguments not preserved in the trial court, *Fast Air, Inc*, 235 Mich App at 549, they are also without merit. It is well-established that defendants were required to present evidence to support their arguments; a trial court is not free to ignore uncontroverted evidence in a motion for summary disposition, and defendants could not rely on mere denials in their pleadings. See MCR 2.116(G)(4).[3]

Defendants also argued that plaintiff's suit was not proper because all business had stopped on the property, the trial court had considered evidence outside of a two-year window,

---

[2] Because summary disposition was appropriate on the grounds that there was never a nonconforming use, we need not consider the alternative argument that the nonconforming use was inappropriately expanded.

[3] MCR 2.116(G)(4) provides:

> A motion under subrule (C)(10) must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact. When a motion under subrule (C)(10) is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, judgment, if appropriate, shall be entered against him or her.

and that defendants were protected by the doctrine of laches. However, because the arguments were not preserved, we decline to address them further. *Vushaj*, 284 Mich App at 519.

Defendants next argue that the injunction entered was overbroad. Defendants, however, never cite authority to support that argument. "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). Accordingly, we deem defendants to have abandoned this claim of error on appeal.

Affirmed.

/s/ Peter D. O'Connell
/s/ Stephen L. Borrello
/s/ Elizabeth L. Gleicher