*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MATTHEW FRENTZ and KATIE FRENTZ,

      Appellants,

v

CITY OF PETOSKEY ZONING BOARD OF APPEALS,

      Appellee.

UNPUBLISHED
July 21, 2022

No. 357425
Emmet Circuit Court
LC No. 20-107112-AA

Before: SAWYER, P.J., and LETICA and PATEL, JJ.

PER CURIAM.

In this zoning dispute, Appellants Matthew and Katie Frentz appeal as of right[1] the circuit court's order affirming appellee City of Petoskey Zoning Board of Appeals' (ZBA) denial of appellants' zoning permit application for a roof structure erected over their pre-existing, nonconforming deck. The appellants maintain that the roof structure did not enlarge or alter the open-air deck in such a way that it increased the deck's nonconformity and, therefore, it should be allowed pursuant to § 1702(4)(a) of the Zoning Ordinance. We find that the circuit court did not err in affirming the ZBA's determination that appellants extended the life of the nonconforming deck by adding supports, windows, and a permanent roof structure and, therefore, increased its nonconformity. We affirm.

---

[1] Appellee filed a motion to dismiss arguing that this Court lacks jurisdiction because the circuit court order was not appealable as of right MCR 7.203(A)(1)(a). This Court denied the motion in a December 1, 2021, order in which this Court concluded that appellee did not act as a tribunal in this matter and, thus, MCR7.203(A)(1)(a) is inapplicable. *Frentz v City of Petoskey Zoning Bd of Appeals* (Docket No. 357425, unpublished order of the Court of Appeals, entered December 1, 2021).

# I. BACKGROUND

The pertinent facts are undisputed. Appellants purchased the subject property in 2005. The property is zoned R-2, Single Family and is subject to a side yard setback of 15 feet total, with a minimum of five feet on a side. Since at least 2004, there has been a deck and a privacy fence on the western side of the property. The deck is approximately three feet from the western property line and, therefore, a nonconforming structure.[2]

In 2016, appellants erected a roof structure extending from the side of the home and over the pre-existing deck:

 

Appellants did not request a building permit or a zoning permit before building the roof structure in 2016.

In May 2020, the Zoning Administrator noticed the roof structure during a site inspection for an unrelated zoning permit request by appellants. The Zoning Administrator informed appellants that because roof structure transformed the deck into a porch, it had to comply with the lot coverage and setback limitations in § 1600 of the Zoning Ordinance and they should have obtained a zoning permit before it was constructed. Appellants disagreed and sought administrative review of the Zoning Administrator's decision. Appellants argued that the roof structure did not change the footprint of the deck or the use of the deck area. They maintained that the structure was a deck, not a porch, and the Zoning Ordinance did not preclude coverings over decks. Appellants further asserted that decks are excluded from the building footprint definition and should not be a part of the lot coverage calculations. Regardless, they argued that their lot coverage did not exceed the limitations because the alley adjoining their property afforded them an additional 250 feet of lot size under § 1800 of the Zoning Ordinance.

The ZBA unanimously affirmed the Zoning Administrator's determination that the roof structure was required to357425 meet the setback and lot coverage limitations of § 1600 of the Zoning Ordinance. Appellants were instructed to submit a zoning permit application with accurate

---

[2] Since the deck existed prior to the enactment of the setback ordinance, it is a permissible nonconforming structure.

setback measurements for staff review and, if the structure did not meet the requirements, Appellants would have to make modifications or request a variance.

Appellants filed a zoning permit application for the roof structure over the pre-existing deck. Appellants conceded that the deck did not meet the setback requirement, but maintained that the roof structure did not enlarge or alter their deck in such a way that it increased the deck's nonconformity. The Zoning Administrator denied the application because (1) the roof structure was only four feet from the west property line,[3] (2) the addition of the roof structure increased the deck's nonconformity, (3) the roof structure was a vertical projection that exceeded the required side-yard setback, and (4) it was unclear whether appellants had exceeded the lot coverage allowance because they did not submit an accurate drawing.

Appellants filed an application with the ZBA, requesting a review of the denial of the zoning permit application. Appellants argued that the addition of the roof structure did not impede on the pre-existing, nonconforming, three-foot setback of the deck.

The Zoning Staff recommended that the ZBA affirm the decision because the roof structure and vertical supports altered the deck in a way that increased its nonconformity. The staff further opined that "the roof structure extends the use of the previously existing deck by creating protection from the elements that did not exist when it was an open-air deck." Because the roof structure was not within the required setbacks, the staff opined that the roof did not meet the ordinance exceptions.

The ZBA conducted an administrative review. Appellants made it clear that they were not requesting a variance or a special accommodation; rather, they were only challenging the interpretation and application of the Zoning Ordinance. Appellants argued that the addition of the roof covering did not change the three-foot setback. They further asserted that the covering was added to provide shade to the area, not to increase the life of the deck. Appellants maintained that § 1702(4)(a) of the Zoning Ordinance expressly permitted enlargement or alteration, as long as the setback was not decreased. The Zoning Administrator maintained that the roof structure transformed the deck to a porch because the roof was attached to the home, supported by 4'x4' pillars, and extended over the deck. The Zoning Administrator rejected appellants' argument that the roof was an allowable expansion of the pre-existing deck and maintained that the roof structure was required to be within the 10-foot side-yard setback.

The ZBA upheld the Zoning Administrator's determination that the addition of the roof structure exceeded the allowance of §1702(4)(a) of the Zoning Ordinance because it "increased the lifespan" of the deck and added to its nonconformity. Accordingly, the ZBA ordered that the roof structure was required to be brought into compliance with the 10-foot side-yard setback. Appellants appealed the ZBA's decision to the circuit court.

---

[3] Because the house had less than a five-foot setback on the east side, the Zoning Administrator maintained that the roof structure, which was on the west side of the property, was required to have a 10-foot setback.

The circuit court concluded that ZBA's decision was supported by competent, material, and substantial evidence. The circuit court found that the ZBA exercised reasonable discretion, conformed with the law, and followed proper procedure. Accordingly, the circuit court affirmed the ZBA's denial of the zoning permit and ordered appellants to bring the roof structure into compliance with the setback ordinance. This appeal followed.

## II. STANDARD OF REVIEW

"This Court reviews de novo a [circuit] court's decision in an appeal from a city's zoning board, while giving great deference to the [circuit] court and zoning board's findings." *Edw C Levy Co v Marine City Zoning Bd of Appeals*, 293 Mich App 333, 340; 810 NW2d 621 (2011) (citation omitted). Our review requires us "to determine whether the circuit court applied the correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the [ZBA's] factual findings." *Olsen v Chikaming Township,* 325 Mich App 170, 180; 924 NW2d 889 (2018) (citations and quotation marks omitted).

The rules of statutory construction apply to the interpretation of municipal ordinances. *Piasecki v Hamtramck*, 249 Mich App 37, 40 n 3; 640 NW2d 885 (2001). The underlying interpretation of an ordinance is a question of law that we review de novo. *Olsen,* 325 Mich App at 180.

## III. ANALYSIS

Appellants argue that the circuit court erred by affirming the ZBA's determination that the roof structure over the nonconforming deck extended the life of the deck and, therefore, increased the nonconformity in violation of § 1702(4)(a) of the Zoning Ordinance. We disagree.

This appeal concerns the interpretation of municipal ordinances. As we stated in *Sau-Tuk Industries, Inc v Allegan County*, 316 Mich app 122, 136-137; 892 NW2d 33 (2016):

> When interpreting a statute, our primary goal is to give effect to the intent of the Legislature. If the language of a statute is unambiguous, we presume the Legislature intended the meaning expressed in the statute. A statutory provision is ambiguous only if it conflicts irreconcilably with another provision or it is equally susceptible to more than one meaning. . . . When construing a statute, we must assign every word or phrase its plain and ordinary meaning unless the Legislature has provided specific definitions or has used technical terms that have acquired a peculiar and appropriate meaning in the law.

> Similarly, the goal of construction and interpretation of an ordinance is to discern and give effect to the intent of the legislative body. The most reliable evidence of that intent is the language of the ordinance itself, which must be given its plain and ordinary meaning. When the words used in a statute or an ordinance are clear and unambiguous, they express the intent of the legislative body and must be enforced as written. [(quotation marks and citations omitted).]

Decisions of a ZBA are subject to appellate review by a circuit court. MCL 125.3605. In reviewing a ZBA's decision, the circuit court must determine whether the ZBA's decision (a)

-4-

complied with the Constitution and laws of this state, (b) was based on proper procedure, (c) was supported by competent, material, and substantial evidence, and (d) represented the ZBA's reasonable exercise of discretion. MCL 125.3606(1). As this Court explained in *Edw C. Levy*, 293 Mich App at 340-341,

> "Substantial evidence" is evidence that a reasonable person would accept as sufficient to support a conclusion. While this requires more than a scintilla of evidence, it may be substantially less than a preponderance. Under the substantial-evidence test, the circuit court's review is not de novo and the court is not permitted to draw its own conclusions from the evidence presented to the administrative body. Courts must give deference to an agency's findings of fact. When there is substantial evidence, a reviewing court must not substitute its discretion for that of the administrative tribunal even if the court might have reached a different result. A court may not set aside findings merely because alternative findings also could have been supported by substantial evidence on the record. [*Edw C. Levy*, 293 Mich App at 340-341 (quotation marks and citations omitted).]

"The decision of a zoning board of appeals should be affirmed unless it is contrary to law, based on improper procedure, not supported by competent, material, and substantial evidence on the record, or an abuse of discretion." *Janssen v Holland Charter Twp Zoning Bd of Appeals*, 252 Mich App 197, 201; 651 NW2d 464 (2002).

It is undisputed that the pre-existing deck does not meet the 10-foot side-yard setback requirements in §1600 of the Zoning Ordinance because it is approximately three feet from the western property line. The parties agree that the pre-existing deck is a legal, nonconforming structure because it was built before §1600 was enacted. At issue is the ZBA's interpretation and application of §1702(4)(a) of the Zoning Ordinance (Nonconforming structures), which states as follows:

> 4. *Nonconforming structures*. Where a lawful structure exists at the effective date of adoption or amendment of this ordinance that could not be built under the terms of this ordinance by reason of restrictions on area, lot coverage, height, yards, or other characteristics of the structure or its location on the lot, such structure may be continued so long as it remains otherwise lawful, subject to the following provisions:
>
> a. No such structure may be enlarged or altered in a way which increases its nonconformity. Such structures may be enlarged or altered in a way which does not increase its nonconformity.

The intent of this particular ordinance is "to permit legal nonconforming . . . structures . . . to continue until they are removed *but not to encourage their survival*." §1702, Zoning Ordinance (emphasis added). And "[i]t is further the intent of this ordinance that nonconformities shall not be enlarged upon, expanded or extended, nor be used as grounds for adding other structures or uses prohibited elsewhere in the same district." *Id.* This expressed intent is consistent with "the policy of this state and a goal of zoning that uses of property not conforming to municipal zoning ordinances be gradually eliminated." *Lyon Charter Twp v Petty*, 317 Mich App 482, 488; 896

NW2d 477 (2016); see also MCL 125.3208 (authorizing municipalities to enact ordinances prohibit the enlargement, expansion, or extension of nonconforming uses and structures but also provide for the diminution of nonconforming uses and structures without requiring cessation).

Section 201 of the Zoning Ordinance contains several definitions that are pertinent to this matter:

*Alteration*: Any change, addition, or modification in construction; type of occupancy; or in the structural members of a building, such as walls, partitions, columns, beams, or girders. The consummated act of which may be referred to herein as "altered" or "reconstructed."

\* \* \*

*Deck:* An accessory structure or platform supported by pillars or posts, either attached or unattached to a building, that is higher than seven inches above grade at any portion of the structure or platform and does not contain walls.

\* \* \*

*Patio*: A level, landscaped, and/or surfaced area, directly adjacent to a building, at or within seven inches of the finished grade and not covered by a permanent roof.

\* \* \*

*Porch*: A horizontal surface consisting of a deck, slab, or other similar construction attached to a building and designed for outdoor seating or as a means of entry to the building. A porch is covered by a roof structure that is supported by pillars or other similar means and may be enclosed by windows, screens, or other similar methods.

\* \* \*

*Setback*: The minimum horizontal distance measured at right angles from the front, side, or rear lot line to the vertical plane of the building wall.

\* \* \*

*Structure*: Anything constructed or erected, the use of which requires location on the ground or attachment to something having location on the ground. [§201, Zoning Ordinance.]

The Zoning Ordinance does not define "enlarge." *Merriam-Webster's Collegiate Dictionary* (11th ed) defines "enlarge" as "to make larger."

While the addition of the roof structure did not enlarge the footprint of the pre-existing, open-air deck, it certainly altered it so that it was no longer a "deck" as defined by § 201 of the Zoning Ordinance. Pillars were erected, windows were placed on top of the pre-existing fences,

and the roof structure was attached to the house and the top of the windows. These alterations to the deck created walls. The plain language of the ordinance provides that a deck "does not contain walls." § 201, Zoning Ordinance. A porch, however, consists "of a deck . . . attached to a building and designed for outdoor seating [and] is covered by a roof structure that is supported by pillars or other similar means and may be enclosed by windows . . . ." § 201, Zoning Ordinance.

The clear and unambiguous language of § 1702 precludes the alteration of a nonconforming structure in such a way that increases its nonconformity and encourages its survival. "When the words used in a statute or an ordinance are clear and unambiguous, they express the intent of the legislative body and must be enforced as written." *Sau-Tuk Indus, Inc*, 316 Mich App at 137. As expressed by the Zoning Administrator, appellants altered their deck in such a way that they constructed something entirely new – a porch. The ZBA unanimously concluded that this alteration increased the nonconformity by extending the survival of the pre-existing, open-air deck.

The circuit court determined that substantial evidence supported the ZBA's decision:

> The photo evidence shows that the appellant had added a structure that changed the overall tenure of the deck. The roof structure provides cover, shelter, increases the use of the deck in inclement weather, there were windows added to the side, and the manner in which the roof was added provided walls on several sides to the deck and the roof is intended to be permanent.

Further, appellants admitted that the gutters on the roof structure extend beyond the pre-existing deck footprint by approximately six inches or more, which the circuit court determined expanded the nonconformity. The circuit court found that the ZBA exercised reasonable discretion in determining that adding the supports, windows, and a permanent roof structure to the pre-existing deck altered it in such a way that it increased its nonconformity and, thus, appellants were required to bring the roof structure into compliance with the 10-foot side-yard setback.

Applying the definition of "substantial evidence," we conclude that the circuit court did not err by holding that there was substantial evidence supporting the ZBA's decision. "When there is substantial evidence, a reviewing court must not substitute its discretion for that of the administrative tribunal even if the court might have reached a different result." *Edw C. Levy*, 293 Mich App at 340-341 (citation omitted).

Finally, we are not persuaded by appellants' reliance on this Court's unpublished opinion in *Randazzo v Lake Township*, unpublished per curiam opinion of the Court of Appeals, issued December 10, 2020 (Docket No. 348559).[4] The appellees in *Randazzo* owned a residential home that had a preexisting nonconformity because it was only 8.3 feet from the road and the required setback was 25 feet. The appellees applied for a Land Use Permit in order to add another level to their home, but their application was denied. They appealed to the ZBA, arguing that adding vertically to their home would not increase the nonconformity. The ZBA disagreed and affirmed

---

[4] Pursuant to MCR 7.215(C)(1), unpublished opinions are not binding, but they may be considered for their instructive or persuasive value. *Cox v Hartman*, 322 Mich App 292, 307; 911 NW2d 219 (2017).

the denial. The circuit court reversed the ZBA's decision,  concluding that the proposed project did not further encroach on the nonconforming setback. This Court affirmed, stating "the building would be just as nonconforming after the improvements as it was before." *Id.* at p 4. Conversely, appellants in this case completely altered the pre-existing, nonconforming, open-air deck by adding supports, windows, and permanent roof structure. These alterations completely transformed the deck into an entirely new structure, which is not consistent with the intent of §1702 of the Zoning Ordinance.

## IV. CONCLUSION

We find that the circuit court did not err by affirming the ZBA's decision. Accordingly, we affirm the circuit court's decision.

/s/ David H. Sawyer
/s/ Anica Letica
/s/ Sima G. Patel