*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SALVATORE DIMERCURIO, CLARENCE
KENNEDY, and MOHAMMED K. SALAMI,

UNPUBLISHED
October 19, 2023

Plaintiffs-Appellants,

v

No. 362405
Oakland Circuit Court
LC No. 2021-188243-AV

CITY OF ROYAL OAK and ROYAL OAK
ZONING BOARD OF APPEALS,

Defendants-Appellees.

Before: K. F. KELLY, P.J., and JANSEN and CAMERON, JJ.

PER CURIAM.

In this case involving a request for a variance from a zoning ordinance, plaintiffs, Salvatore DiMercurio, Clarence Kennedy, and Mohammad K. Salami, appeal as of right the trial court's order affirming the denial of the variance request by defendant, the Royal Oak Zoning Board of appeals (ROZBA), which is a governmental subunit of defendant, city of Royal Oak. We affirm.

## I. FACTUAL BACKGROUND

This case arose from a request for a dimensional zoning variance related to property located at 1214 McLean Avenue, in Royal Oak. In March 2016, Stonecraft Investments, LLC, offered to purchase the property from its owner, Kennedy.[1] The property is comprised of two lots, numbers 63 and 64, and is part of the Clifford Heights Subdivision. Each lot is 40-feet wide and 110-feet deep; the property is therefore 80-feet wide and 110-feet deep with a total area of 8,800 square feet. The property contains a single-family home and detached garage. After Stonecraft Investments completed the purchase, the plan was to separate the property back into two 40-feet wide by 110-feet deep lots, demolish the structures, and build two new single-family homes.

---

[1] Salami is a member of Stonecraft Investments. DiMercurio's relationship to the company is unclear from the record.

DiMercurio applied to Royal Oak's Planning Division to divide the lot, to which the Planning Division replied that the property was zoned one-family residential, and under relevant provisions of the Royal Oak Code, the land could not be split because the resulting lots would be too narrow and lack sufficient area, and would not be the same size or larger than the majority of the surrounding lots, as required by the Code. Specifically, Royal Oak Code, § 770-34D(1) and (2) provide that "[n]o lot shall be less than 6,000 square feet in area," and "[n]o interior lot shall be less than 50 feet in width . . . ." However, an exception to the rule exists when:

In One-Family Residential and One-Family Large Lot Residential Zoning Districts, a single lot of record or two or more contiguous lots under the same ownership shall not be further divided for the purpose of erecting a single-family dwelling unless the following conditions are met:

(a) The Zoning Administrator shall determine that the proposed lot(s) are the same size or larger than the majority (50% or more) of the developed lots in the area. . . . [Royal Oak Code, § 770-21B(2).[2]]

Thus, DiMercurio applied for a variance with the ROZBA in March 2021 to split the property. He argued that splitting the lot would result in lots harmonious with the smaller lots in the neighborhood, and that MCL 125.3604(7) allows for a variance when strict compliance with a zoning ordinance would cause practical difficulties. The ROZBA heard DiMercurio's request in May 2021, members of the ROZBA discussed the application on the record, and the variance request was denied by vote. The decision was memorialized in the meeting minutes, and a letter was sent to DiMercurio the next day. The meeting minutes listed the reasons for denial as: strict compliance with the zoning ordinance would not prevent use and enjoyment of the property for its permitted purpose; granting the variance would be detrimental to nearby property owners; there were no unique circumstances or evidence of practical difficulty requiring granting the variance; and the proposed lots would not be consistent with the size and character of the other lots nor provide adequate buildable area for new construction in character with the neighborhood.

Plaintiffs appealed the ROZBA's decision in the circuit court, seeking reversal of the variance denial because the ROZBA failed to make factual findings, its decision was not based on competent, material, and substantial evidence, and the decision was an abuse of discretion. The parties filed briefs, and the court heard oral argument in October 2021. The court did not believe

---

[2] The certified record from the ROZBA contained specific data regarding the comparison to other properties surrounding the subject parcel. Of the 56 properties used for comparison, only six were 4,400 square feet; none were smaller. Only nine properties had a 40-foot width; none were smaller. Thus, if the split were granted, the resulting parcels would be the smallest in area in the neighborhood, along with six others, and would have the shortest width, along with nine others. There was only one lot wider than the property as it existed, at 107 feet wide. The same lot was the only lot bigger in area, at 12,446 square feet. There were 34 properties in the neighborhood between 42 and 46 feet wide. Thus, 43 of the 56 properties in the neighborhood had a width under the 50-foot requirement in the Code. There were 38 properties with a total area under the 6,000-square-foot requirement in the Code. Thus, 44 of the 56 properties in the zone of comparison did not comply with the Code.

that the ROZBA made adequate factual findings on the record when denying plaintiffs' variance request, and remanded the case to the ROZBA to make additional findings and retained jurisdiction. The ROZBA reconsidered the variance request on remand in January 2022, and voted to adopt several findings of fact that were read into the record, again denying the variance request. The ROZBA found that the proposed lots would not conform to the width and area requirements of the Royal Oak Code, the exception would not apply because the proposed lots would not be the same size or larger than 50% of the neighborhood lots, the city had experienced recent flooding and the construction of two new homes would increase the density and impermeable infrastructure of the area, there was no evidence of practical difficulty as the property could still be used for its permitted purpose of a single-family home, and granting the variance could be detrimental to surrounding property owners.

When the matter returned to the circuit court after remand, plaintiffs challenged the factual findings adopted by the ROZBA. The court upheld the ROZBA's denial of the variance, declining to substitute its judgment for that of the ROZBA, and finding no abuse of discretion. This appeal followed.

## II. JURISDICTION

Plaintiffs initiated the present appeal by filing a claim of appeal as of right. Defendants moved this Court to dismiss the appeal, in relevant part, for lack of jurisdiction. This Court denied the motion to dismiss, deferring decision on the jurisdictional question on the merits to this panel. *DiMercurio v Royal Oak*, unpublished order of the Court of Appeals, entered April 19, 2023 (Docket No. 362405).

Defendants reassert that this Court should dismiss the appeal for lack of jurisdiction on appeal. "A challenge to subject-matter jurisdiction may be raised at any time, even if raised for the first time on appeal." *Bank v Mich Educ Ass'n-NEA*, 315 Mich App 496, 499; 892 NW2d 1 (2016) (quotation marks, citation, and brackets omitted). "Questions of jurisdiction are reviewed de novo as questions of law . . . ." *Rodriquez v Hirshberg Acceptance Corp*, 341 Mich App 349, 356; 991 NW2d 217 (2022).

"Statutes and court rules determine the jurisdiction of this Court." *Natural Resources Defense Council v Dep't of Environmental Quality*, 300 Mich App 79, 84; 832 NW2d 288 (2013), citing Const 1963, art 6, § 10 ("The jurisdiction of the court of appeals shall be provided by law and the practice and procedure therein shall be prescribed by rules of the supreme court."). Under MCR 7.203(A)(1)(a), this Court "has jurisdiction of an appeal of right filed by an aggrieved party from . . . [a] final judgment or final order of the circuit court," except when the final order is "on appeal from any other court or tribunal." As this Court recently explained, "MCR 7.203(A)(1)(a) generally precludes an appeal of right from a final order of a circuit court entered 'on appeal from any other court or tribunal.' " *Ansell v Delta Co Planning Comm'n*, 332 Mich App 451, 453 n 1; 957 NW2d 47 (2020). Instead, such appeals require an aggrieved party to file for leave to appeal before this Court's jurisdiction can properly be invoked. MCR 7.203(B)(2).

Defendants contend the circuit court in this case was considering an appeal from another "tribunal"—the ROZBA; therefore, the circuit court's order affirming the ROZBA decision was not appealable as of right under MCR 7.203(A)(1)(a). Plaintiffs argue the ROZBA was not acting

as a tribunal under the applicable court rule when it considered and denied the variance request, and as such, the circuit-court order was a final order under MCR 7.202(6)(a)(*i*), and appealable as of right.

This Court is bound by published caselaw establishing that jurisdiction exists in an appeal as of right from a circuit-court order affirming a zoning board of appeals' denial of an application for a variance. MCR 7.215(J)(1) (this Court must follow the rule of law established by a prior decision not reversed or modified by the Supreme Court). In *Pegasus Wind, LLC v Tuscola County*, 340 Mich App 715, 721; 988 NW2d 17 (2022), this Court considered whether an appeal as of right was appropriate from a circuit-court "order affirming the decision of intervenor, the Tuscola Area Airport Zoning Board of Appeals (the AZBA), to deny eight variance applications for additional wind turbines." The *Pegasus Wind* Court provided the following analysis of the jurisdictional challenge:

> In deciding this appeal, we reject Tuscola County's argument that this Court lacks jurisdiction because the circuit court judgment is not appealable as of right under MCR 7.203(A)(1)(a). In *Ansell* [], 332 Mich App [at] 453 n 1 [], a recently published decision, this Court held that it does have jurisdiction over such an appeal. Therefore, this argument has no merit. See *id*. (holding that this Court had jurisdiction to hear the issue on appeal because the "case involved a decision by [the] County Planning Commission to grant applications for conditional-use permits for construction of windmills. Accordingly, the appeal in the circuit court was not taken from a court or tribunal because the planning commission is not a court and did not act as a tribunal in issuing the permits in question"). [*Id*. at 721 n 1.]

This footnote in *Pegasus Wind* is binding and determinative of this issue, given it specifically addresses whether this Court's jurisdiction extends to an appeal as of right from a circuit-court order affirming a zoning board of appeals' decision to deny applications for variances. *Id*. at 721 & n 1. In the present case, the jurisdiction of this Court is being challenged under substantially identical circumstances. Pertinently, plaintiffs are appealing the decision of the circuit court, which affirmed the ROZBA's denial of plaintiffs' application for a zoning variance. Therefore, under *Pegasus Wind*, plaintiffs properly filed an appeal as of right and this Court does not lack jurisdiction.

## III. VARIANCE REQUEST

Turning to the merits of this appeal, we conclude that the circuit court properly affirmed the ROBZA's decision to deny plaintiffs' request for a zoning variance. Plaintiffs argue that the circuit court erred by failing to reverse the decision of the ROZBA because the lack of factual findings and insufficient evidentiary record resulted in an abuse of discretion. We disagree.

In the context of reviewing circuit-court appeals from a zoning board, "[t]his Court reviews the circuit court's decision de novo because the interpretation of the pertinent law and its application to the facts at hand present questions of law." *Ansell*, 332 Mich App at 456 (quotation marks and citation omitted). "De novo review means that we review the legal issue independently,

without required deference to the courts below." *Wright v Genesee Co*, 504 Mich 410, 417; 934 NW2d 805 (2019).

"Local governments have no inherent power to regulate land use, but the Legislature has empowered local governments to zone for the broad purposes identified in the [Michigan Zoning Enabling Act (MZEA), MCL 125.3101 *et seq.*,] at MCL 125.3201(1)." *Saugatuck Dunes Coastal Alliance v Saugatuck Twp*, 509 Mich 561, 577; 983 NW2d 798 (2022) (quotation marks and citation omitted). "The zoning board of appeals shall hear and decide questions that arise in the administration of the zoning ordinance, including the interpretation of the zoning maps, and may adopt rules to govern its procedures sitting as a zoning board of appeals." MCL 125.3603(1). Additionally, "[t]he zoning board of appeals shall also hear and decide on matters referred to the zoning board of appeals or upon which the zoning board of appeals is required to pass under a zoning ordinance adopted under this act." *Id*. Under MCL 125.3605, "[t]he decision of the zoning board of appeals shall be final. A party aggrieved by the decision may appeal to the circuit court for the county in which the property is located as provided under [MCL 125.3606]." The MZEA provides the following guidance for a circuit court's review of a decision by a zoning board of appeals:

> (1) Any party aggrieved by a decision of the zoning board of appeals may appeal to the circuit court for the county in which the property is located. The circuit court shall review the record and decision to ensure that the decision meets all of the following requirements:
>
> > (a) Complies with the constitution and laws of the state.
> >
> > (b) Is based upon proper procedure.
> >
> > (c) Is supported by competent, material, and substantial evidence on the record.
> >
> > (d) Represents the reasonable exercise of discretion granted by law to the zoning board of appeals. [MCL 125.3606(1).]

This Court described the law related to whether evidence is substantial under MCL 125.3606(1) in the following manner:

> Substantial evidence is evidence that a reasonable person would accept as sufficient to support a conclusion. While this requires more than a scintilla of evidence, it may be substantially less than a preponderance. Under the substantial-evidence test, the circuit court's review is not de novo and the court is not permitted to draw its own conclusions from the evidence presented to the administrative body. Courts must give deference to an agency's findings of fact. When there is substantial evidence, a reviewing court must not substitute its discretion for that of the administrative tribunal even if the court might have reached a different result. A court may not set aside findings merely because alternative findings also could have been supported by substantial evidence on the record. [*Edw C Levy Co v Marine City Zoning Bd of Appeals*, 293 Mich App 333, 340-341; 810 NW2d 621 (2011) (quotation marks and citations omitted).]

There is no dispute in the present case that plaintiffs' desire to split the subject property required a dimensional zoning variance under the Royal Oak Code. Requests for variances from the zoning ordinance are addressed at Royal Oak Code, § 770.124E. The relevant provision begins with a general discussion of variances:

> Upon an appeal, the [ROZBA] is authorized to grant a variance from the strict provisions of this chapter, whereby unique, extraordinary or exceptional conditions of such property, the strict application of the regulations enacted would result in peculiar or exceptional practical difficulties to, or exceptional undue hardship upon the owner of such property, provided such relief may be granted without substantial detriment to the public good and without substantially impairing the intent and purpose of this chapter. . . . [*Id.*]

The Royal Oak Code delineates between use variances, § 770.124E(1), nonuse variances, § 770.124E(2), and variances in the context of dividing land, § 770.124E(3). As noted, plaintiffs sought a nonuse variance to divide land, so the relevant provisions are as follows:

> (2) Nonuse variances. The applicant must present evidence to show that if this chapter is applied strictly, practical difficulties will result to the applicant and that all four of the following requirements are met:
>
> > (a) That this chapter's restrictions unreasonably prevent the owner from using the property for a permitted purpose;
> >
> > (b) That the variance would do substantial justice to the applicant as well as to other property owners in the district, and a lesser relaxation than that requested would not give substantial relief to the owner of the property or be more consistent with justice to other property owners;
> >
> > (c) That the plight of the landowner is due to the unique circumstances of the property;
> >
> > (d) That the alleged hardship has not been created by any person presently having an interest in the property;
>
> (3) Additional criteria for land divisions. In addition to the criteria outlined in Subsection E(2), Nonuse variances, the Board shall consider the following for any appeals and/or variance request for a land division in their decision:
>
> > (a) The width, size and general character of the lots in the neighborhood and area;
> >
> > (b) Whether the width and shape of the lot leaves adequate buildable area to allow the construction of a dwelling which is in harmony with the character of the neighborhood and/or area; and

(c) The extent to which other developed lots in the neighborhood and/or area have maintained required yards, lot area and width. [Royal Oak Code, § 770-124E(2) and (3).]

Under subsection (2), to be entitled to a variance, plaintiffs had the burden of proving strict compliance with the zoning ordinance would cause practical difficulties and the four other listed requirements. Royal Oak Code, § 770-124E(2). It bears repeating that the Royal Oak Code plainly required plaintiffs to prove *all* five of those things before a variance was even permissible. Although the parties have engaged in an overwrought analysis of all of the factors, there appears to be no reason to move beyond plaintiffs' complete failure to prove that the relevant provisions of the zoning ordinance "unreasonably prevent the owner from using the property for a permitted purpose[.]" Royal Oak Code, § 770-124E(2)(a).

The subject property is 80-feet wide, 110-feet deep, and has an area of 8,800 square feet. All of these measurements comport with the frontage, depth, and area requirements for a lot zoned as one-family residential. Royal Oak Code, § 770-34D. The record shows the subject property had been, and was being used as, a single-family residence with a detached garage for many years. There was no evidence that the property, as it stood, could no longer be used as such. And, certainly, there was no evidence it was the restrictions of the zoning ordinance in anyway affecting the use of the property as a single-family residence, the use for which it was zoned. On the basis of that evidence, the ROZBA found "that strict compliance with the Zoning Ordinance provisions will not unreasonably prevent the petitioner from use and enjoyment of the property for a permitted purpose, a residential use . . . ." This finding seemingly related back to a comment from one ROZBA member during the initial hearing held by the ROZBA, when he stated: "Does this prevent them from using the permitted use? No, they can use it right now as a single-family house on an 80-foot lot or they can build a new one."

The only argument to the contrary raised by plaintiffs related to an allegation that the lot, as it currently exists, was too large to be marketable. This contention from plaintiffs was made solely on the basis of an anecdote by plaintiffs' counsel during the original hearing held by the ROZBA. Plaintiffs' counsel stated that his children recently moved to defendant city, they were of a similar age to other individuals moving into defendant city, and plaintiffs' counsel's children could not afford to purchase a new home on a lot as large as the subject property. As defendants cogently note, plaintiffs' counsel's recounting of the story of his children purchasing a home in defendant city is not evidence. Plaintiffs presented no evidence of what the cost of a home would be if they were to demolish the current buildings on the property and rebuild. Further, they did not submit any studies regarding the average homebuyers moving into defendant city and their budgets. Therefore, the record simply lacked any factual foundation to support the claim of plaintiffs that building a house on the subject property in its current condition would be too expensive to be marketable. Moreover, the ability to resell property has little to do with its use. As noted above, the property was zoned as one-family residential, it had been and was being used as such, and there was no indication such use was being interfered with by application of the zoning ordinance. Considering plaintiffs bore the burden of proving the relevant provisions of the zoning ordinance "unreasonably prevent [them] from using the property for a permitted purpose," Royal Oak Code, § 770-124E(2)(a), and they failed to do so, the ROZBA's finding on this issue was determinative.

The ROZBA's decision regarding Royal Oak Code, § 770-124E(2)(a), was determinative of all of the arguments presented by plaintiffs. First, they argued the ROZBA did not make sufficient factual findings regarding the issues presented. This is incorrect because, under Royal Oak Code, § 770-124E(2), plaintiffs were required to prove five different things, one of which is that the relevant provisions of the zoning ordinance "unreasonably prevent [them] from using the property for a permitted purpose." Royal Oak Code, § 770-124E(2)(a). The ROZBA made a finding regarding this requirement; specifically, that it was not met. Therefore, any additional findings were not required, and consequently, to the extent they were not made, such is irrelevant. Second, plaintiffs argue the factual findings of the ROZBA were not "supported by competent, material, and substantial evidence on the record." MCL 125.3606(1)(c). As just discussed above, there was evidence to support the ROZBA's decision that the zoning ordinance was not unreasonably preventing plaintiffs from using the subject property as a one-family residence. Indeed, plaintiffs' own statements revealed the property was currently being used in that exact manner, and the only issue with the zoning ordinance occurred if the property was split. Further, plaintiffs' attempted reliance on lack of marketability did not pertain to use of the property and was not supported by any evidence in the record. Therefore, the ROZBA's decision was supported by adequate evidence under MCL 125.3606(1)(c). In light of this conclusion, the ROZBA did not abuse its discretion when it denied the application for a zoning variance, *Detroit Media Group*, 339 Mich App at 52, and the circuit court did not err when it affirmed that decision.

Given this conclusion, affirmance of the circuit court's order is required, and therefore, review of the remaining issues raised by plaintiffs has been rendered moot. *TM v MZ*, 501 Mich 312, 317; 916 NW2d 473 (2018). As a result, this Court need not consider those arguments. *Id.* ("[A]s a general rule, this Court will not entertain moot issues or decide moot cases.") (Quotation marks and citation omitted; alteration in original).

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Kathleen Jansen
/s/ Thomas C. Cameron